In the Matter of RICHFIL ESTATES, INC., Petitioner. VARSITY BAGS, INC., Respondent.

Supreme Court, Special Term, New York County, January 9, 1950.

*Frederick E. Zane* for petitioner.

*Maurice V. Seligson* for respondent.

WALTER, J. The owner of the twelve-story and basement store, loft, and office building at 29–35 West 32nd Street and 30–34 West 33rd Street brings this proceeding to have the court fix the rent which Varsity Bags, Inc., shall pay for the 7,108 square feet of space it occupies on the second floor for the manufacture, exhibition and sale of handbags, and the 1,610 square feet of space in the basement which it is privileged to occupy for storage purposes.

The agreed value of the building is $480,000, and the agreed value of the land is $375,000 — total $855,000. Eight per cent of that is $68,400. The taxes are $26,730, and the net operating expenses (i.e., total operating expenses less $1,243.83 derived from the sale of electric current to tenants) are $94,871.34. The total of such expenses and taxes and 8% on agreed value is $163,271.34. The total net rentable space in the entire building is 145,604 square feet. Dividing that number of square feet into $163,271.34 gives a small fraction over $1.12. Multiplying $1.12 by 8,718 square feet gives $9,764.16; and petitioner asks that respondent's rent be fixed at $9,764.16.

The result, involving, as it does, the assumption that every square foot of space in the building is of equal value, seems to me to be shockingly absurd. Petitioner insists, however, that that is exactly what the formula inserted in the emergency rent control laws by chapter 534 of the Laws of 1949, effective April 11, 1949, both authorizes and requires.

If that new formula so inserted stood by itself, it perhaps would have to be given the effect for which petitioner contends. For it says that the court "shall first determine the basic return on the property." It then says that a net annual return of 6% on the fair value of the property plus 2% on the fair value of the land and buildings shall be deemed to be the basic return. It then says that when the amount of such basic return has been determined, "the court shall then determine the fair rental value per square foot of the rentable commercial space in the building or other rental area by dividing the amount of the total net rentable space into the total of the basic return found as aforesaid." It then says that thereafter the landlord shall be entitled to receive rent at the rate per square foot so determined, and the court shall fix at such rate the rent of any tenant occupying commercial space in such building or other rental area and who is paying rent at a rate per square foot less than the fair rental value so fixed.

But despite the insertion of such seemingly absolute provisions, the Legislature left in the statute, and in the same section in which those seemingly absolute provisions occur, such provisions as: The rent to be so fixed shall be a reasonable rent based on the fair rental value of the tenant's commercial space. Such rent shall be fixed in such a manner that it shall not exceed a fair and reasonable proportion of the gross rentals from all the commercial space in the entire building, giving due consideration to the amount and character of the commercial space used or occupied by such tenants, provided, however, that the gross rentals from all such commercial space shall not exceed a fair and reasonable proportion of the gross rentals from the entire building.

Those provisions, it has been held, require a consideration of the character as well as of the amount of the space occupied by the tenant whose rent is being fixed, and forbid the arbitrary assignment of a stated value to all space regardless of its character (*Matter of Court Square Bldg.* v. *City of New York,* 298 N. Y. 380).

I do not see how it is possible to give to the provisions of chapter 534 of the Laws of 1949 the effect here urged by petitioner without at the same time and by that act obliterating and destroying the other provisions just mentioned as having been left in the law.

All existing provisions obviously must be so construed as to harmonize them if possible; and I accordingly hold that it was not the purpose, intent or effect of the new enactment (L. 1949,

ch. 534) to obliterate or destroy those other provisions; that it does not give to landlords the right, by framing their petition in a certain way, to compel the court to fix a rent in exact compliance with the new formula regardless of the elements of reasonableness and fair proportion and character as well as amount of space occupied by a particular tenant.

The statute is still a statute designed to prevent unreasonable rents. It has not been transformed into a statute to compel courts to fix unreasonable rents, which is what I think it would be if construed as petitioner contends it should be. Some time there may arise a case in which it will be reasonable to apply the new formula, but this certainly is not such a case.

Petitioner's evidence does not show the fair rental value of respondent's space. It does not show the gross rentals from all the commercial space in the entire building, and it thus affords no basis for a determination of what would be a fair and reasonable proportion of such gross rentals for respondent to pay. It does not show that the rent respondent is now paying is not a fair and reasonable rental or is less than a fair and reasonable proportion of the gross rentals. For those reasons alone, I think its petition should be dismissed.

Furthermore, petitioner's supplemental bill of particulars shows that its present gross rentals from all tenants are $200,742.50, and are thus $37,000 in excess of the basic return of $163,271.34 to which it is entitled under the statutory formula which it invokes. That bill of particulars further shows that the rent respondent is now paying is $7,500 per year, which is .0375% of the gross rents and nearly .0475% of such basic return; and the 7,108 square feet which respondent occupies on the second floor is less than 5% of the 145,604 square feet of net rentable space in the entire building. A bill of particulars is a statement of a claim, not evidence in support of one; but such a statement may be an admission against interest; and as the bill here shows that petitioner already is receiving more than a fair return and respondent already is paying a reasonable proportion of a fair return, I think it affords an affirmative showing why the petition should be dismissed.

Petitioner brought this proceeding shortly after it had instituted a similar proceeding against another tenant who was occupying the fifth floor of its building; and by order of September 12, 1949, the two proceedings were consolidated. At a later date petitioner and the other tenant agreed that the rent of the other tenant should be $10,750 per annum from January 1, 1950, through June 30, 1950, and $11,000 per annum beginning

July 1, 1950, and that the proceeding be severed and continued against Varsity Bags, Inc. alone. The space occupied by the tenant with whom petitioner settled is 13,186 square feet, and respondent contends that such agreement establishes a square-foot rate no greater than the square-foot rate it is paying and that for that reason, also, the petition against it should be dismissed. In view of the conclusion I have reached on other grounds, it is not necessary for me to consider that contention.

The petition is dismissed, with costs.

The foregoing constitutes the decision required by the Civil Practice Act and the final order is to be entered thereon.