In the Matter of The Rector, Churchwardens and Vestrymen of Trinity Church in the City of New York, Petitioners. Lawrence Gheduzzi et al., Respondents.

Supreme Court, Special Term, New York County, January 19, 1950.

*Stephen W. Hanley* for petitioners.

*Herman Goldman* and *Milton J. Levitt* for respondents.

Walter, J. The owner of the seven-story and basement loft building on the east side of Greenwich Street between Vestry and Desbrosses Streets (443–453 Greenwich Street) brings this proceeding to fix the rents which three of the tenants therein shall pay for their space, viz.:

| Tenant | Space Occupied | Present Rent |
|---|---|---|
| Lawrence Gheduzzi | Entire wing 3d floor 6,140 sq. ft. | $3,542.51 |
| Seaman Box Co. | Part of 2d floor 9,452 sq. ft. | 5,058.51 |
| Cap Screw & Nut Co. | Part of basement 6,116 sq. ft.; part of 1st floor 5,931 sq. ft.; part of 4th floor 1,940 sq. ft.; total 13,987 sq. ft. | 5,795.00 |

The assessed value of the property involved is: land $180,000, total $400,000, and was the same for the two years preceding. For the year 1940–41 it was: land $190,000, total $400,000. For the intervening years 1941–42, 1942–43, 1943–44, 1944–45, 1945–46, and 1946–47, it was: land $180,000, total $370,000. In March, 1945, 1946, 1947, 1948 and 1949, petitioner protested the proposed assessments and claimed a value of $268,875 in the first three of those years and a value of $275,000 in the latter two. In each instance the protest was overruled and the proposed assessment confirmed. Several certiorari proceedings were instituted by petitioner but the result of only one is disclosed by the evidence, viz., one relating to the year 1944–45, which was settled by agreeing upon a valuation of $350,000. That same value was fixed in a prior rent-fixing proceeding instituted by petitioner; and in argument at the conclusion of the trial petitioner's counsel in effect conceded that value.

Eight per cent of $350,000 is $28,000. The taxes and operating expenses for the year ending April 30, 1949, according to petitioner's bill of particulars, were $64,092.85, but they include some items which are either nonrecurrent or should be prorated over two or more years, and I thus reduce that sum to $63,000, which, added to $28,000, makes a total of $91,000.

The net rentable area of the building is 125,273 square feet. Dividing that into $91,000 gives a small fraction over .726 per square foot; and petitioner, standing squarely upon the new so-called square-foot formula inserted in the emergency rent laws by chapters 534 and 535 of the Laws of 1949, asks that the rents of respondents be fixed by multiplying the square-foot area of their space by .726 per square foot.

In two cases this month I already have held that that new formula is not to be automatically applied irrespective of the reasonableness of the return already being received by the landlord or of the character as well as the amount of the space occupied by the tenant whose rent is being fixed (*Matter of Richfil Estates, Inc.* [*Varsity Bags, Inc.*], 197 Misc. 248; *Matter of 32 W. 32nd St. Corp.* [*Reiser*], Sup. Ct., New York Co., January 9, 1950, WALTER, J.). In the first-mentioned of those cases the landlord already was receiving a return of more than 8% and the tenant whose rent was asked to be fixed already was paying a fair and reasonable proportion of the total rents. In the second-mentioned of those cases the landlord already was receiving a return of more than 8% but the tenant whose rent was asked to be fixed was paying less than a fair and reasonable proportion of the total rent. Nevertheless, because the

absence of other tenants as parties made it impossible to increase the rent of that tenant without thereby increasing an already excessive return to the landlord, I dismissed the petition.

I have given attentive consideration to the argument of petitioner's counsel in this case but find nothing in it which leads me to think I should change the views expressed in those cases.

Petitioner's present return from this property is:

| | |
|---|---|
| Gross Rents | $88,543.82 |
| Profit from Electricity | 5,022.33 |
| | $93,566.15 |

As that exceeds taxes and operating expenses and 8% upon the value of the property, the petition should be dismissed.

The proper remedy, where the landlord's return already is reasonable but one or more tenants are paying less than a fair and reasonable proportion of the total, is, it seems to me, a proceeding to which all tenants are made parties, so that the court can effectuate the purpose of the statute by fixing the rent of each tenant in such manner that the landlord's total return is fair and each tenant is made to pay a fair and reasonable proportion of the total, considering the character and amount of space occupied by each tenant.

The petition herein is accordingly dismissed, but without prejudice to a new proceeding to which all tenants are made parties.

The foregoing constitutes the decision required by the Civil Practice Act and the final order is to be entered thereon.